Yang v. Lynch

BIA
Wright, IJ
A200 172 909

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

FAN YANG, AKA FAN YAN, AKA FAN DAI,
> *Petitioner,*

v.                                                          15-715
                                                            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fan Yang, a native and citizen of the People's Republic of China, seeks review of a February 9, 2015, decision of the BIA, affirming a May 2, 2013, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fan Yang*, No. A200 172 909 (B.I.A. Feb. 9, 2015), *aff'g* No. A200 172 909 (Immig. Ct. N.Y. City May 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Yang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her or

2

her witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the adverse credibility determination.

The adverse credibility determination was properly based on inconsistencies between Yang and her witness's testimony concerning Yang's church attendance in the United States. *Xiu Xia Lin*, 534 F.3d at 166-67. The agency correctly observed, *inter alia*, that Yang testified her witness did not teach Bible study on the Sunday before the hearing and that Yang did not attend the class because she went home after the service, but Yang's witness testified that she did teach the class and Yang had attended. The agency also properly observed that these inconsistencies were all the more striking because Yang could not testify consistently with her witness with respect to what happened just a few days ago. *See Xiu Xia Lin*, 534 F.3d at 167.

The agency did not err in finding Yang's credibility further undermined by her lack of corroborating evidence. *Biao*

3

*Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency correctly observed that Yang had testified that she had a CT scan following her beating in China, but her medical records did not indicate such. That omission is the functional equivalent of an inconsistency for credibility purposes. *Xiu Xia Lin*, 534 F.3d at 166 n.3. The agency also correctly observed that Yang had not submitted any evidence to corroborate her arrest and detention in China other than an unauthenticated fine receipt. The agency did not err in declining to credit the receipt. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

In light of the inconsistencies between Yang and her witness's testimony, which concerned an event that had supposedly taken place just a few days before that testimony, the inconsistency between Yang's testimony and medical evidence, and her lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Yang's claims for asylum, withholding of removal, and CAT relief all relied on the same factual predicate, the adverse credibility determination is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk